835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marion G. McDANIEL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3470.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before EDWARD S. SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The opinion and order of the Merit Systems Protection Board (board), McDaniel v. United States Postal Service, 33 M.S.P.R. 647 (1987), docket No. DA07528610565, which opinion and order modified and affirmed the board's initial decision, dated November 18, 1986, sustained the United States Postal Service's (agency) removal of Marion G. McDaniel (McDaniel) from his position as a mail handler. We affirm.
 
 OPINION
 
 2
 McDaniel was removed by the agency from his position as a mail handler for falsifying his application for employment with the agency because he failed to truthfully respond to question 18 on PS Form 2591, Application for Employment. Subsequent to his removal, McDaniel appealed to the board the agency's action, setting forth an array of arguments. The board found McDaniel's arguments unpersuasive and, in its initial decision, sustained McDaniel's removal.
 
 
 3
 In accordance with proper procedures, McDaniel filed with the board a timely petition for review of the initial decision. In his petition for review, for the first time, McDaniel argued that his removal was improper because the agency did not provide him the opportunity to sign, on his application for employment, the "Affidavit as to Truth of Application" that normally was "to be completed after appointment." McDaniel contended that, because he was denied his right to cure any mistakes on his employment application, the charge against him was premature and not supported by the evidence. The board denied McDaniel's petition for review on grounds that it failed to meet the proper criteria for review set forth at 5 C.F.R. Sec. 1201.115 (1986); however, pursuant to 5 C.F.R. Sec. 1201.117, the board reopened the case on its own motion. The board, in its opinion and order affirming as modified its initial decision, refused to consider McDaniel's new arguments set forth in his petition for review.
 
 
 4
 Before this court, McDaniel limits his argument to whether the board erred in sustaining his removal by the agency because the agency denied him his right to cure any mistakes on his employment application. McDaniel contends that the board erred by not considering this argument below. We disagree.
 
 
 5
 The board is not required to consider arguments raised for the first time in a petition for review, absent the existence of new and material evidence which was not available when the record was closed. See Bacon v. Department of Housing & Urban Development, 757 F.2d 265, 270-71 (Fed.Cir.1985). The evidence relied upon by McDaniel to support his argument, PS Form 2591, Application for Employment, was included in the record upon which the board made its initial decision. Accordingly, we conclude that the board did not err by refusing to consider McDaniel's argument, based upon this evidence, raised for the first time in his petition for review.
 
 
 6
 In view of the foregoing, we hold that the opinion and order of the board, modifying and affirming the board's initial decision that sustained McDaniel's removal by the agency, is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).